U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 12 2014
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JORGE GUTIERREZ, §
　　　　　　　　　　　　　　　　　§
　　　　　Petitioner, §
　　　　　　　　　　　　　　　　　§
v. § No. 4:14-CV-245-A
　　　　　　　　　　　　　　　　　§
WILLIAM STEPHENS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
　　　　　　　　　　　　　　　　　§
　　　　　Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

　　　This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jorge Gutierrez, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice(TDCJ), against Williams Stevens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed without prejudice on exhaustion grounds.

　　　**I. FACTUAL AND PROCEDURAL HISTORY**

　　　The pleadings presented by the parties reflect that petitioner is serving a 10-year sentence on his 2010 felony conviction for possession of methamphetamine in Tarrant County,

Texas, Case No. 1160772D. Pet. 2, ECF No. 1. *See also* the TDCJ website, "Offender Information Details," at http://offender.tdcj.state.tx.us. By this petition, petitioner claims his constitutional rights were violated by the Texas Board of Pardons and Paroles' "misapplication of the guidelines of the law denying [his] release to Mandatory Supervision" under Texas Government Code § 508.149(b) on February 5, 2014. Pet., Ex. A, ECF No. 1. In response, Respondent has filed a motion to dismiss the petition without prejudice asserting that petitioner has failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b), (c). Resp't's Mot. to Dismiss 3-5, ECF No. 11. Petitioner claims that he presents the issues herein for the first time because the decision by the Board to deny mandatory supervision is not subject to administrative or judicial review under § 508.149(d), and, thus, he has no available "state remedies for that which [he] complains." Pet'r Reply 1-2, ECF No. 12.

## II. Exhaustion of State Court Remedies

A state petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). Thus, a Texas prisoner must

present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or, as in this case, an application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2013); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Petitioner argues he could not have presented his claims in an article 11.07 application for writ of habeas corpus because § 508.149(d) of the Texas Government Code states that a decision to deny mandatory supervision is not subject to judicial review. Tex. Gov't Code Ann. § 508.149(d). However, under Texas case law, it appears that although the decision to release is within the sound discretion of the Board, complaints regarding the "process" and the denial of constitutional or statutory rights in consideration of release may be raised by way of writ of habeas corpus under article 11.07. *Rothel v. Cockrell*, No. 4:01-CV-754-A, 2002 WL 741648, at *2 (N.D.Tex. Apr. 24, 2002); *Ex parte Geiken*, 28 S.W.3d 553, 556-57 (Tex. Crim. App. 2000) (addressing reviewability of Board's decision to deny mandatory supervision in light of § 508.149(d)).

Respondent correctly asserts that the claims raised in this

federal petition have not been properly exhausted in state court. Nor has petitioner demonstrated that there is no available corrective process in state court or that there are circumstances that render such process ineffective. 28 U.S.C. § 2254(b)(1)(B). Accordingly, petitioner must first pursue his claims by way of a state application for writ of habeas corpus. Only after state habeas corpus proceedings are concluded may he challenge the Board's denial of mandatory supervision release by way of federal petition pursuant to 28 U.S.C. § 2254.

For the reasons discussed herein,

The court ORDERS that respondent's motion to dismiss the petition be, and is hereby, granted and that the petition be, and is hereby, dismissed for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b)(1). For the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that he has exhausted his state court remedies or made a substantial showing of the denial of a constitutional right.

SIGNED August 12, 2014.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE